Wilbert CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–98–00159–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 1999.

Thomas J. Lewis, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Panel consists of Justices HUDSON, EDELMAN, and WITTIG.

## O P I N I O N

DON WITTIG, Justice.

Appellant, Wilbert Campbell, pled not guilty to the offense of possession of cocaine, weighing less than one gram, with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (Vernon Supp.1999). The jury found appellant guilty, and, after appellant pled true to two prior state-jail felonies, the jury assessed punishment at eight years confinement in the Texas Department of Criminal Justice–Institutional Division. In two issues, appellant asserts the trial court erred in instructing the jury on the range of punishment and his trial counsel was ineffective for failing to object to this instruction and the voir dire concerning this topic. We affirm.

### Analysis

#### *12.42*

In his first issue, appellant contends the trial court erred by instructing the jury that the range of punishment for a 12.35(a) state-jail felony with two prior state-jail felony convictions is two to twenty years confinement, a second-degree felony, instead of two to ten years, a third-degree felony. Specifically, appellant asserts there is a difference between the legislature's use of the terms "state jail felonies" and "felony" and that a felony does not include a state jail felony with respect to the punishment of habitual offenders. Appellant was charged with a 12.35(a) state-jail felony. TEX. PEN.CODE ANN. § 12.35(a) (Vernon 1994); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b). The trial court instructed the jury that appellant should be punished for a second-degree felony due to his enhancements. *See* TEX. PEN.CODE ANN. § 12.42 (Vernon Supp.1999). Section 12.42 reads as follows:

(a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of *two state jail felonies*, on conviction the defendant shall be punished for a *third-degree felony.*

(2) If it is shown on the trial of a state jail felony punishable under section 12.35(a) that the defendant has previously been finally convicted of *two felonies*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a *second-degree felony.*

(3) If it is shown on the trial of a state jail felony punishable under section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a *felony,* on conviction the defendant shall be punished for a second-degree felony.

*Id.* (emphasis added). The range of punishment for a second-degree felony is two to twenty years confinement, while the range of punishment for a third-degree felony is two to ten years confinement. *See* TEX. PEN.CODE ANN. §§ 12.33 & 12.34 (Vernon 1994). Relying on sections 12.42(a)(2) and 12.33, the trial court instructed the jury that the applicable range

of punishment was two to twenty years instead of two to ten years.

When interpreting any statute, we seek to effectuate the intent or purpose of the legislature that enacted the legislation. *See Muniz v. State*, 851 S.W.2d 238, 244 (Tex.Crim.App.1993). If a statute is unambiguous, effect must be given to its plain meaning, unless doing so would lead to absurd results. *See State v. Stevenson*, 958 S.W.2d 824, 826 (Tex.Crim.App.1997). Section 12.42(a)(1) and section 12.42(a)(2) are not facially ambiguous. Reading all terms for their plain meaning and comparing the two sections of the statute, it is clear the legislature chose to use the term *state jail felonies* in (a)(1) and the term *felonies* in (a)(2). Therefore, the issue becomes whether section 12.42(a)(1) or section 12.42(a)(2) controls the available range of punishment where two consecutive prior *state jail felonies* are used to enhance a non-aggravated state jail felony, 12.35(a). To determine this issue, we must determine whether the legislature intended *felonies* as used in subsection (a)(2) to include or exclude a state jail felony.

Felony is defined in section 1.07 of the Penal Code as "an offense *so designated by law* or punishable by death or confinement in a penitentiary." TEX. PEN. CODE ANN. § 1.07 (Vernon 1994) (emphasis added). This general definition does not preclude a state jail felony from being a felony, if *"by law,"* it has been so designated. Chapter twelve of the Penal Code deals specifically with punishments. TEX. PEN.CODE ANN. tit. 3, ch. 12 (Vernon 1994). Within this more specific punishment chapter, section 12.02 titled Classification of Offenses states: "Offenses are designated as felonies or misdemeanors." *Id.* at § 12.02. More definitively, section 12.04 classifies felonies into five categories according to the relative seriousness of the offense. *Id.* at § 12.04. The five categories are: (1) capital felonies; (2) felonies of the first degree; (3) felonies of the second degree; (4) felonies of the third degree; and (5) *state jail felonies*. *Id.* (emphasis

added). Therefore, based on the general definition of a felony and the five specific classifications of felonies as categorized by statute, we hold the term felony includes a state jail felony.

The specific section and subsections of chapter twelve involved in this case are section 12.42 and subsections (a)(1) and (a)(2). The legislature used the more specific term, *state jail felonies*, in (a)(1). *Id.* at 12.42(a)(1). This prohibits any of the other four classifications of felonies to be used for enhancement purposes under (a)(1). *Id.* at 12.04; *see Ex parte McIver*, 586 S.W.2d 851, 856 (Tex.Crim.App. [Panel Op.] 1979) (noting express mention of one category or classification is tantamount to express exclusion of all others). This specificity, however, does not alter the meaning of the more general term *felonies* as is used in (a)(2). In addition, subsection (e) of section 12.42 states: "A previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d)." *Id.* at 12.42(e). Therefore, subsection (e) specifically allows state jail felonies to be used for enhancement purposes under all of subsection (a), not just subsection (a)(1). *See May v. State*, 919 S.W.2d 422, 423 (Tex.Crim.App.1996) ("It is presumed that in enacting a statute, all words and parts of the statute were intended to be effective.").

We recognize the legislature's use of *state jail felonies* in subsection (a)(1) presents a problematic result. If a person has been previously convicted of two non-sequential *felonies*, then that person would not be subject to an enhancement upon a conviction for a 12.35(a) offense. On the other hand, one who has been previously convicted of two non-sequential *state jail felonies* would be subject to an enhancement upon a conviction for a 12.35(a) offense. *Id.* at 12.42(a). Despite this potential result, we are constrained to allow the legislature to correct this, if it was not intended. However, appellant's asserted interpretation, excluding *state jail felonies*

from the term *felonies* as the term is used in (a)(2), would equally apply to subsection (a)(3) and would likewise result in an absurdity. *See Stevenson*, 958 S.W.2d at 826 (recognizing statute interpretation should avoid absurdities). This would allow one *charged with a 12.35(c) offense*, a more serious offense than a 12.35(a) offense, with two prior state jail felonies, sequential or not, to receive no enhancement on conviction, whereas one *charged with a 12.35(a) offense* with two prior non-sequential state jail felony convictions would receive an enhancement on conviction. *Id.* at 12.42(a). Moreover, appellant's interpretation would also conflict with subsection (e) of section 12.42.

We find the plain language of the statute coupled with the definitions of felony, both general and specific, indicate the use of *felonies* in subsection (a)(2) includes state jail felonies.[1] Therefore, the trial court did not err in instructing the jury that appellant should be punished for a second degree felony, thus requiring two to twenty years confinement.

### Ineffective Assistance of Counsel

Finally, appellant contends he was denied the effective assistance of counsel. He argues his attorney's failure to object to the charge and the voir dire concerning the enhancement issue was ineffective and resulted in harm.

 A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App.1997). In determining whether a defendant has received effective assistance of counsel, Texas follows the two-prong standard articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Valencia v. State*, 946 S.W.2d

81, 83 (Tex.Crim.App.1997). A defendant must first demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Judicial scrutiny of the reasonableness of trial counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. 2052. Thus, to prevail on an ineffective assistance claim, a defendant must rebut the presumption that the challenged action is considered sound trial strategy. *Id.*

 If the first prong is met, the defendant must also show that counsel's performance prejudiced the defense. *Id.* It is not enough for the defendant to show the errors had some conceivable effect on the outcome of the proceeding. *Id.* To demonstrate prejudice, the defendant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.* A defendant has the burden of making this showing by a preponderance of the evidence. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex.Crim.App.1995). When addressing the second prong under *Strickland*, the reviewing court should examine counsel's errors not as isolated incidents, but in the context of the overall record. *See Bridge v. State*, 726 S.W.2d 558, 571 (Tex.Crim.App.1986). Additionally, the reviewing court need not examine the second *Strickland* prong if the first cannot be met. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052. This two prong standard is equally applicable to both the guilt/innocent and punishment phases of trial. *See*

---

1. We acknowledge the Waco Court of Appeals found section 12.42(a)(2) enhances a 12.35(a) offense to a second degree felony if the defendant has two prior "sequential felony convictions for other than state jail felonies." *Dickson v. State*, 986 S.W.2d 799, 803 (Tex.App.—

Waco 1999, no pet. h.). We, however, disagree. In addition, the issue in *Dickson* was whether the enhancement of a punishment also constitutes an enhancement of the degree of the offense of which the person was convicted. *Id.*

*Hernandez v. State,* 988 S.W.2d 770, 771 (Tex.Crim.App.1999).

When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude counsel's performance was deficient. *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex. Crim.App.1994). An appellate court is not required to speculate on the trial counsel's actions when confronted with a silent record. *Id.* at 771. "[I]f there is any basis for trial strategy to have been a reason for trial counsel's action, then further inquiry is improper." *Newsome v. State,* 703 S.W.2d 750, 755 (Tex.App.—Houston [14th Dist.] 1985, no pet.). However, if a silent record clearly indicates no reasonable attorney could have made such trial decisions, to hold counsel ineffective is not speculation. *See Vasquez v. State,* 830 S.W.2d 948, 950–51 (Tex.Crim.App.1992).

The record is silent regarding trial counsel's trial strategy. Trial counsel may have interpreted section 12.42(a)(2) the same way the State and indeed this court interpreted it. Therefore, we find a reasonable basis for counsel's trial action and hold that counsel was not ineffective. We overrule appellant's final contention.

We affirm the judgment of the trial court.