Bennie ADGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00411–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1999.

Patricia Fortney-Sedita, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin Hartmann, Asst. Dist. Atty., Houston, for State.

Panel consists of Justices MIRABAL, NUCHIA, and DUGGAN.*

## OPINION

LEE DUGGAN, Jr., Justice (Retired).

After a bench trial, the court found appellant, Bennie Adger, guilty of credit card

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

abuse. On appellant's plea of true, the trial court found the two enhancement paragraphs in the indictment to be true, and assessed punishment at eight years imprisonment. We affirm.

## FACTS

In April 1998, Damond Musick was working as a security guard at Macy's Department Store in Houston when a sales associate alerted him to appellant's presence and activity in the store. According to Musick, he observed appellant on the store's closed-circuit television after appellant had been denied a sale and was walking through the men's department and out of the store. Musick went to the sales floor and recovered an Identification card and a Macy's credit card that appellant had been using to try to buy merchandise in the men's department. Appellant's photograph and James Loftis' name were on the Identification card. James Loftis' name was on the credit card.

Musick checked the account on the card and learned it was connected to the address and telephone number of a Houston law firm. Loftis had worked at the firm, but had not had a credit card account at Macy's since 1986 or 1987. A number of creditors had contacted Loftis seeking to recover debts he had never heard of; one was the Macy's account. Loftis testified that, according to the records he saw, some of the fraudulent charges on the Macy's account occurred around the time appellant was observed in Macy's. Loftis testified he never authorized anyone to use the Macy's credit card in his name.

When appellant returned to the store several months after the incident, Musick recognized him, asked him to come to the security department, and called the police. Musick identified appellant from a photograph spread as the person he had observed on the earlier occasion. Appellant was charged by indictment with credit card abuse.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In points of error one and two, appellant challenges the legal sufficiency of the evidence. When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Short v. State*, 874 S.W.2d 666, 667 (Tex.Crim.App.1994); *Reece v. State*, 878 S.W.2d 320, 325 (Tex.App.—Houston [1st Dist.] 1994, no pet.). We may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Reece*, 878 S.W.2d at 325. We apply the same standard of review for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 158, 161 (Tex.Crim.App.1991); *Butler v. State*, 981 S.W.2d 849, 852 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd).

The indictment alleged that appellant "did ... unlawfully with intent to obtain a benefit fraudulently, use a MACY'S CREDIT card knowing the use was without the effective consent of the cardholder, JAMES LOFTIS, namely without any consent of any kind, and knowing that the MACY'S card had not been issued to the Defendant." *See* Tex. Penal Code Ann. § 32.31(b)(1)(A) (Vernon 1994). In order to prove the offense, the State had to establish that (1) appellant (2) with intent fraudulently to obtain (3) a benefit (4) presented or used (5) a credit or debit card (6) with knowledge the card was not issued to him and (7) with knowledge that he did not have the effective consent of the cardholder, James Loftis. *See Harrell v. State*, 852 S.W.2d 521, 524 (Tex.Crim.App.1993).

In point of error one, appellant contends the evidence was legally insufficient to prove Loftis was the cardholder. He bases this contention primarily on the fact that Loftis testified he had not had a Macy's account since the 1980s. Appellant

reasons that the card was not a credit card, but a fictitious card, and relies on *Olurebi v. State,* 870 S.W.2d 58 (Tex.Crim. App.1994).

A "cardholder" is "the person named on the face of a credit card ... to whom or for whose benefit the card is issued." Tex. Penal Code Ann. § 32.31(a)(1) (Vernon 1994). A "credit card" is "an identification card, plate, coupon, book, number, or any other device authorizing a designated person or bearer to obtain property or services on credit." Tex. Penal Code Ann. § 32.31(a)(2) (Vernon 1994).

Musick testified he recognized State's exhibit 1 as the Macy's credit card he had picked up in the men's department. He testified the name on the card was James Loftis. The address and telephone number associated with the card in Macy's computer system were the address and telephone number of the law firm where James Loftis had worked. James Loftis testified creditors had contacted him regarding debts he had never heard of, including debts on the Macy's account. The State proved Loftis was the cardholder, i.e., the person whose name was on the card and that Macy's had issued the card for his benefit. A rational trier of fact could have found beyond a reasonable doubt that Loftis was the "cardholder" as defined by the statute.

Appellant, however, contends the card was fictitious and his criminal liability, if any, is under Penal Code section 32.31(b)(2).[1] Under *Olurebi,* there are two ways the card might have been fictitious: (1) if it had not been issued by Macy's, the purported owner; or (2) if it had been issued to a nonexistent cardholder. 870 S.W.2d at 61. Neither condition applies here. Macy's issued the card, and Loftis exists.

We overrule point of error one.

■ In point of error two, appellant contends the evidence was legally insuffi-

cient to prove he presented or used the credit card. The State's evidence of presentment or use came in through Musick's testimony:

Q. [The prosecutor] Now how did this individual come to your attention?

A. I received a call from a sales associate—

[Defense counsel]: I object to any conversation that this man had.

THE COURT: He hasn't got into that. Thank you, sir. Go ahead.

A. I received a call from a sales associate alerting me to the defendant being in the store that day.

Q. [The prosecutor] Okay. And what did you do in response to that call?

A. I observed him on our closed circuit television camera.

Q. You observed this man Bennie Adger?

A. Yes, ma'am.

Q. What was he doing?

A. At the time I saw him, he was walking through the Men's Department and out of the Men's Department and out of the store.

Q. And then what did you see him do? He left the store?

A. He left the store.

Q. Okay. What happened when he [sic] went down to the sales floor?

A. I recovered a Macy's credit card that the defendant was using trying to purchase some merchandise in the Men's Department an [sic] I.D.

Q. What?

A. Identification card.

Q. Was he permitted to purchase that merchandise with that credit card?

A. No; he was refused.

Q. Okay. Why is that?

[Defense counsel]: I object. May I have this witness on voir dire, Judge.

---

1. Under section 32.31(b)(2) "A person commits an offense if ... with intent to obtain a benefit, he uses a fictitious credit card or debit card or the pretended number or description of a fictitious card." Tex. Penal Code Ann. § 32.31(b)(2) (Vernon 1994).

THE COURT: Objection is sustained. Go ahead.

Q. (The prosecutor) He was denied; is that correct?

A. Yes.

Q. What did you do at that point in time?

A. After he was denied the sale? Like I said, I recovered the Macy's credit card, the picture I.D. he was using.

When we view the evidence in the light most favorable to the prosecution and when we resolve all conflicting inferences in favor of the prosecution, we hold the evidence is sufficient to show that appellant used the Macy's credit card in an attempt to purchase something at Macy's department store. We conclude a rational trier of fact could have found beyond a reasonable doubt that appellant presented or used the card.

We overrule point of error two.

## VALIDITY OF THE SENTENCE

■ In point of error three, appellant contends that his sentence was void because Penal Code section 12.42(a)(2) does not envision using a previous state jail felony for purposes of enhancement. Appellant committed the primary offense of credit card abuse on April 7, 1998. Appellant admitted to having been convicted of the felony of forgery on June 8, 1994 and to having been convicted of the felony of theft on September 11, 1996 after the forgery conviction was final. The parties agree that the forgery was a third-degree felony and the theft was a state jail felony.[2] The court assessed punishment at eight years confinement.

Section 12.42(a)(1), (a)(2) provides:

(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.[3]

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.[4]

TEX. PENAL CODE ANN. § 12.42(a)(1), (2) (Vernon Supp.2000) (footnotes added).

Appellant argues that a state jail felony is not a "felony" as that term is used in section 12.42(a)(2) and that the section cannot be used to enhance his punishment. The State argues that the term "felony" in section 12.42(a)(2) encompasses state jail felonies and that appellant's punishment can be enhanced under that section.

■ In construing the statute, we focus first on the literal text of section 12.42. *Tigner v. State*, 928 S.W.2d 540, 542 (Tex. Crim.App.1996). Only if the statute is ambiguous, or if its literal interpretation would lead to an absurd result, may we look to factors outside the text to determine application of the statute. *Id.* "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998).

The legislature defines "felony" as "an offense so designated by law or punishable by death or confinement in a penitentiary." TEX. PENAL CODE ANN. § 1.07(a)(23) (Vernon 1994). Under this definition, a state

---

**2.** Appellant refers to the theft as a "state jail offense." He cites Penal Code section 31.03(e)(4), which refers to "a state jail felony." TEX. PENAL CODE ANN. § 31.03(e)(4) (Vernon Supp.2000).

**3.** Punishment for a third-degree felony is not more than ten years or less than two years

and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (Vernon 1994).

**4.** Punishment for a second-degree felony is not more than 20 years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 1994).

jail felony, i.e., "an offense so designated," is a felony.[5] Additionally, Penal Code section 12.04 sets forth five categories of felonies, including "state jail felonies." TEX. PENAL CODE ANN. § 12.04(a)(5) (Vernon 1994).

The State also directs this Court's attention to subsection (e), which provides, "A previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d)." TEX. PENAL CODE ANN. § 12.42(e) (Vernon Supp.2000). The legislature amended subsection (e) in the same act in which it created subsections (a)(1) and (2). Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2734 (current version at TEX. PENAL CODE ANN. § 12.42(e) (Vernon Supp.1999)).

In subsection (e), the legislature has specifically listed those subsections under which a state jail felony may *not* be used to enhance the primary offense. Missing from the list is subsection (a)(2). When a statute includes a specific limitation, it excludes all other limitations of that type. *Dallas v. State*, 983 S.W.2d 276, 278 (Tex. Crim.App.1998). By not extending the limitation on use of previous section 12.35(a) state jail felonies to section 12.41(a)(2), the legislature has indicated its intent that section 12.35(a) state jail felonies may be used for enhancement under section 12.41(a)(2). *See Campbell v. State*, 2 S.W.3d 729 (Tex.App.—Houston [14th Dist] 1999, pet. filed) (holding that two state jail felonies in proper sequence qualified as enhancement convictions under Penal Code Section 12.42(a)(2)).[6]

To hold otherwise would create an absurd result. According to appellant's argument, a person with two previous state jail felonies would be subject to two to ten years enhanced punishment for a section 12.35(a) state jail felony, but a person with a previous state jail felony *and* a more serious offense—a first, second, or third-degree felony—would be subject only to 180 days to two years, the unenhanced punishment for a section 12.35(a) state jail felony. We construe the statute to avoid this result. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (whether or not statute is ambiguous, court construing statute may consider consequences of particular construction).

We overrule point of error three.

We affirm the judgment.

5. In *Smith v. State*, 960 S.W.2d 372, 374 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd), this Court interpreted "a felony" in the statute at issue to mean "any felony except a regular jail felony." After commission of the February 3, 1995 offense in *Smith*, the legislature amended the statute by adding subsections (a)(1) and (2) and by changing the language of subsection (e). Act of May 28, 1995,

74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2734 (current version at TEX. PENAL CODE ANN. § 12.42(a)(1), (a)(2), (e) (Vernon Supp.2000)).

6. Given the more specific provision of Penal Code Section 12.42(a)(1), this Court takes no position on the correctness of the holding in *Campbell*.