**Orrin WAITS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–99–166–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 13, 2000.

Law Office of William H. "Bill" Ray, P.C. and William H. "Bill" Ray, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Div., John A. Stride, Robert Martinez, and John Cope, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Panel B: DAY, LIVINGSTON, and RICHARDS, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

This case requires us to interpret Texas Penal Code subsection 12.42(a)(2) to determine whether that subsection permits two prior felony convictions (one of which is a state jail felony conviction) to enhance a non-aggravated state jail felony to the punishment level of a second-degree felony. We conclude that as long as the prior two felonies were sequential, such enhancement is authorized by the statute. Accordingly, we overrule appellant's point on appeal arguing to the contrary and affirm the trial court's judgment.

### Background Facts

Appellant was charged with and found guilty of possession of a controlled substance, a state jail felony. The indictment further alleged that appellant had previously been convicted of two offenses, that one of these was itself a state jail felony, and that these two offenses occurred in succession. The jury found these enhancement allegations to be true and assessed appellant's punishment at fifteen years' confinement, a second-degree felony punishment. *See* TEX. PENAL CODE ANN. § 12.33(a) (Vernon 1994).

### Discussion

#### Appellant's Argument

In his only point, appellant contends that the fifteen-year sentence exceeded the legal scope of punishment for his state jail felony conviction.[1] The proper punishments for various types of state jail felonies are set forth in Texas Penal Code section 12.35:

(a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term

---

1. Appellant concedes in his well-written brief and in argument that this question has not been addressed by our court or the court of criminal appeals.

of not more than two years or less than 180 days.

. . . .

(c) An individual adjudged guilty of a s_ _e jail felony shall be punished for a t _rd degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. . . .

*Id.* § 12.35. Offenses under 12.35(a) are considered "non-aggravated" state jail felonies and are less severely punished than "aggravated" state jail felonies under 12.35(c) when a deadly weapon is involved. *See Dickson v. State,* 986 S.W.2d 799, 803 & n. 3 (Tex.App.—Waco 1999, pet. filed). In certain instances, the penal code also allows the State to enhance the punishment for a state jail felony conviction when a defendant is shown to have committed prior offenses. *See* TEX. PENAL CODE ANN. § 12.42(a) (Vernon 1994 & Supp.2000).

Appellant argues, however, that the Texas Penal Code does not permit a prior state jail felony to be joined with another prior felony to enhance a non-aggravated state jail felony to the level of a second-degree felony. In support of this position, appellant points to the different terminology used in subsections 12.42(a)(1) and 12.42(a)(2). In short, appellant contends that "felony" as it is used in 12.42(a)(2) does not refer to or include a state jail felony. Subsection 12.42(a) reads as follows:

(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been *finally convicted of two state jail felonies,* on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been *finally convicted of two felonies,* and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

*Id.* § 12.42(a) (emphasis added).

Subsection 12.42(a)(1) expressly requires two prior *state jail felonies* to enhance a third state jail felony to the level of a third-degree felony. Subsection 12.42(a)(2), however, makes no mention of prior state jail felonies, but rather enables two prior *felonies* to enhance a pending state jail felony to the level of a second-degree felony. Appellant contends that because 12.42(a)(2) does not explicitly refer to prior state jail felonies, only two prior *felonies that are not themselves state jail felonies* may enhance a state jail felony to a second-degree punishment. In other words, appellant's argument is that "felony" as it is used in this subsection refers to all felonies *except* state jail felonies.

### *State v. Mancuso* and 12.42(d)

At the outset, we disagree with appellant's analogy to subsection 12.42(d) and to case law interpreting that subsection. Appellant cites *State v. Mancuso* for the proposition that the word "felony" appearing in 12.42(d) does not include state jail felonies; appellant then concludes that subsection 12.42(a)(2), containing similar language, should similarly exclude state jail felonies. *State v. Mancuso,* 919 S.W.2d 86, 90 (Tex.Crim.App.1996). Sub-

section 12.42(d), as it appeared when the *Mancuso* court considered it, stated:

> (d) If it is shown on the trial of a *felony offense* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment . . . for life, or for any term not more than 99 years or less than 25 years.

Act of May 29, 1993, 73 rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3604 (emphasis added) (amended 1995) (current version at TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.2000)). *Mancuso* interpreted the statute as it existed before the 1995 amendments. At that time, state jail felonies had only recently been introduced into the code and current subsections (a)(1) and (a)(2) had not been added.

Mancuso pled guilty to a state jail felony enhanced by two prior (non-state jail) felony convictions. *See Mancuso*, 919 S.W.2d at 87 & n. 1. The trial judge assessed punishment at two years' imprisonment, and then suspended that sentence, placing Mancuso on community supervision for five years. *See id.* at 87. The State appealed, arguing that "felony" in subsection 12.42(d) included a state jail felony, and that the subsection therefore applied to Mancuso, on trial for a state jail felony; therefore, the State argued, the minimum legal punishment was twenty-five years' imprisonment. *See id.*

The court of criminal appeals affirmed, holding that the provisions of 12.42(d) were trumped by the more specific provisions of the community supervision section, article 42.12, section 15(d) of the Texas Code of Criminal Procedure. *See id.* at 89. The court determined that the latter provision "deals specifically with state jail

felonies committed by one who has two or more prior felony convictions and provides that the trial judge may impose as a condition of community supervision probation a term of confinement in a state jail facility for a term not to exceed one year." *Id.* Because the court found that article 42.12, section 15(d) "controls the specific circumstances presented by the instant case," it refused to apply the more general subsection 12.42(d).[2] *Id.* Hence, the court's decision in *Mancuso* was driven by a conflicting, more specific statute.

In 1995 the 74 th Legislature amended subsection 12.42(d), making it clear that this subsection does *not* permit enhancement of a non-aggravated state jail felony:

> (d) If it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.2000) (emphasis added). While the amendment corresponds to the *Mancuso* decision, the legislature notably did *not* similarly amend the other subsections of 12.42. Indeed, the 74 th Legislature created 12.42(a)(1) and (a)(2) at issue in this case, and these subsections do not contain the restrictions concerning state jail felonies as does the amended 12.42(d). We further note that subsequent legislatures have declined to amend subsections (a)(1) and (a)(2) in accordance with either *Mancuso* or with the 1995 amendment to 12.42(d). Because in this case we do not face a conflicting statute, and because of

2. The case before us does not involve community supervision and, hence, article 42.12, section 15(d) does not apply. In any case, we note that section has been amended and no

longer provides for the enhancement of punishment for a state jail felony. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(d) (Vernon Supp.2000).

the legislative history prior and subsequent to *Mancuso,* we are not compelled to follow or analogize from that decision.

Appellant then cites another recent case in support of his proposition that the enhancing felonies referred to in subsection 12.42(a)(2) refer to two felonies *other than* state jail felonies. *See Dickson v. State,* 986 S.W.2d 799, 803 (Tex.App.—Waco 1999, pet. filed). Neither the issue nor the holding of that case is relevant here. There, the Waco Court of Appeals considered "whether the enhancement of [the appellant's] punishment also constitutes an enhancement of the degree of the offense of which he was convicted." *Id.* The court held that "the degree of the offense remains unchanged [after enhancement under 12.42]; only the punishment is enhanced." *Id.* In dicta, the court later discussed the other provisions of section 12.42 and, when addressing 12.42(a)(2), stated, "[w]ith two prior, sequential felony convictions for *other than state jail felonies,* punishment is enhanced to the level of a second degree felony." *Id.* (emphasis added). To the extent the court suggests in this passage that a prior state jail felony may not be joined with another prior felony to enhance a non-aggravated state jail felony to a second-degree felony punishment, we disagree for the reasons stated below.

### Statutory Interpretation

█ Statutory interpretation requires that we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *See Ex parte Ruthart,* 980 S.W.2d 469, 471 (Tex.Crim.App. 1998); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To that end, we must focus our attention on the statute's text and attempt to discern the fair, objective meaning of that text at the time of its enactment. *See Ex parte Ruthart,* 980 S.W.2d at 471. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or

subtract from such a statute...." *Carranza v. State,* 980 S.W.2d 653, 659 (Tex. Crim.App.1998) (Mansfield, J., dissenting) (quoting *Boykin,* 818 S.W.2d at 785); *see also State v. White,* 959 S.W.2d 375, 377 (Tex.App.—Fort Worth 1998, pet. ref'd). More particularly, the penal code provisions are not to be strictly construed, but rather should be "construed according to the fair import of their terms, to promote justice and effect the objectives of the code." TEX. PENAL CODE ANN. § 1.05(a) (Vernon 1994).

The Fourteenth Court of Appeals recently considered this same issue. *See Campbell v. State,* 2 S.W.3d 729 (Tex. App.—Houston [14th Dist.] 1999, pet. filed). Like that court, we do not find subsections 12.42(a)(1) and 12.42(a)(2) to be facially ambiguous. *See id.* at 732. "Reading all terms for their plain meaning and comparing the two sections of the statute, it is clear the legislature chose to use the term *state jail felonies* in (a)(1) and the term *felonies* in (a)(2)." *Id.*

### "Felony" in Subsection 12.42(a)(2)

█ The issue before us is whether "felony" in 12.42(a)(2) should, according to justice and the objectives of the penal code, include or exclude state jail felonies. The penal code defines "felony" in subsection 1.07(a)(23) as "an offense so designated by law or punishable by death or confinement in a penitentiary." TEX. PENAL CODE ANN. § 1.07(a)(23) (Vernon 1994). Further, subsection 12.04(a) classifies felonies as "(1) capital felonies; (2) felonies of the first degree; (3) felonies of the second degree; (4) felonies of the third degree; and (5) state jail felonies." *Id.* § 12.04(a). Hence, as its name suggests, a "state jail felony" is a felony under the penal code. Unless specifically excluded, then, state jail felonies are and will be treated as "felonies."

Of course, the legislature may—and in many instances does—exclude state jail felonies from applying to any given section. In section 12.42, for instance, sub-

section (d) applies only to felonies other than non-aggravated state jail felonies. More importantly, subsection (e) states:

(e) A previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d).

*Id.* § 12.42(e). It is noteworthy that subsection (e) does not similarly prevent state jail felonies from enhancing punishments under subsection (a). As noted in *Campbell,* "subsection (e) specifically allows state jail felonies to be used for enhancement purposes under all of subsection (a), not just subsection (a)(1)." *Campbell,* 2 S.W.3d at 732 (citing *May v. State,* 919 S.W.2d 422, 423 (Tex.Crim.App.1996) ("It is presumed that in enacting a statute, all words in the statute were intended to be effective.")).

### Conclusion

 We thus hold that, under section 12.42, a person found guilty of a non-aggravated state jail felony may be punished for (1) a third-degree felony under subsection 12.42(a)(1) if the State proves up two prior state jail felonies; or (2) a second-degree felony under subsection 12.42(a)(2) if the State proves up two prior felonies (either state jail or otherwise) that are sequential. The other subsections of section 12.42 become progressively more severe and only apply when the pending conviction is for a more serious felony. This interpretation furthers the penal code's stated objective "to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders[.]" TEX. PENAL CODE ANN. § 1.02(3) (Vernon 1994). Because we conclude the State properly used two prior felony offenses to enhance appellant's non-aggravated state jail felony conviction to the punishment level of a second-degree felony, we over-

rule appellant's single point and affirm the trial court's judgment.

