Wilbert CAMPBELL, Appellant,

v.

The STATE of Texas.

No. 2031–99.

Court of Criminal Appeals of Texas, En Banc.

March 7, 2001.

Thomas J. Lewis, Houston, for appellant.

Rikke Burke Graber, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which MEYERS, PRICE, HOLLAND, HERVEY, and HOLCOMB, JJ., joined.

Appellant was convicted by a jury of the offense of possession of less than one gram of cocaine with the intent to deliver, an

unaggravated state jail felony punishable under § 12.35(a) of the Texas Penal Code. *See* TEX.HEALTH & SAFETY CODE § 481.112(a), (b). After appellant pled true to allegations of two prior state-jail felony convictions, the jury assessed punishment at eight years confinement in the Texas Department of Criminal Justice—Institutional Division. On appeal, appellant complained that the trial court erred by instructing the jury that, under subsection 12.42(a) of the Texas Penal Code, the range of punishment for an unaggravated state jail felony punishable under subsection 12.35(a) with two prior sequential state-jail felony convictions is two to twenty years confinement, a second-degree felony, rather than two to ten years, a third-degree felony. The court of appeals affirmed appellant's conviction, finding that the term "felonies," as used in subsection (a)(2), includes state jail felonies. *Campbell v. State,* 2 S.W.3d 729, 733 (Tex.App.—Houston [14th Dist.] 1999). That conclusion appears to be based partly on the observation that state jail felonies are listed among the five classifications of a felony in § 12.04 of the penal code,[1] and partly on the court of appeals' construction of subsection 12.42(e) as "specifically allow[ing] state jail felonies to be used for enhancement purposes under all of subsection (a), not just subsection (a)(1)." *Id.* at 732. We reverse and remand for a new punishment hearing.

■ Section 12.42 provides:

(a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

(a)(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

(a)(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

. . .

(e) A previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d).

. . . .

Section 12.35 provides:

(a) Except as provided in Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

. . .

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

---

1. The five categories of felonies are, in order: (1) capital felonies; (2) first-degree felonies; (3) second-degree felonies; (4) third-degree felonies; and (5) state jail felonies. TEX.PEN. CODE § 12.04(a).

(1) a deadly weapon as defined in Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission to the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or (2) the individual has previously been finally convicted of any felony:

> (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

> (B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

Under our approach to statutory interpretation, we look to the literal text of the statute for its meaning, and we give effect to the plain meaning unless the language is ambiguous or application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). In analyzing the language of a statute, we assume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *State v. Hardy*, 963 S.W.2d 516, 520 (Tex.Crim.App.1997). We also give effect to more specific provisions over more general provisions. TEX. GOV'T.CODE § 311.026.

The clear and unambiguous language of subsection 12.42(a) indicates that subsection (a) sets out how the punishment for an offense punishable under section 12.35, entitled "State Jail Felony Punishment," may be increased. Subsection 12.42(a)(1) governs when the offender is charged with an unaggravated state jail felony under subsection 12.35(a) and has multiple prior convictions for only state jail felonies. The legislature's choice of words, "state jail felonies" in subsection (a)(1) versus "felonies" in subsection (a)(2), establishes that it chose to treat commission of a state jail felony after repeated commission of only other state jail felonies differently than commission of a state jail felony after repeated commission of more serious offenses. The use of "two" in both subsections is evidence that the legislature chose not to enhance subsection 12.35(a) state jail felonies based a single prior offense. In addition, by failing to include the language used elsewhere in the Penal Code, including subsection (a)(2), to specify an order of the prior offenses, the legislature chose not to require that the prior state jail felony convictions be sequential. *See Gibson v. State*, 995 S.W.2d 693, 696–7 (Tex.Crim.App.1999). Thus, under subsection (a)(1), the state must prove that there are two prior final convictions for state jail felonies, but does not need to prove that the prior convictions occurred sequentially, as it must under subsection (a)(2).

By construing the term "felonies" in subsection (a)(2) to include state jail felonies, the court of appeals has implicitly added to subsection (a)(1) a requirement that the two previous state jail felonies be non-sequential. This is contrary to the plain, specific language of subsection (a)(1), which indicates that subsection (a)(1) governs all enhancement of unaggravated state jail felonies by prior state jail felonies. The construction used by the court of appeals also subsumes the more specific "state jail felony" into the more general "felony," in violation of our rules of construction, *supra*.

The court of appeals places the blame for any absurd result created by its holding on the legislature for using "state jail felonies" in subsection (a)(1) and posits that "excluding *state jail felonies* from the term *felonies* as the term is used in (a)(2),

would equally apply to subsection (a)(3)" (emphasis in original) and "would *likewise* result in an absurdity (emphasis added)." *Campbell,* 2 S.W.3d at 732–33. We disagree.

Under the statute as written, a person who has been previously convicted of two non-sequential non-state jail felonies is not subject to any enhancement whatsoever upon a conviction for a subsection 12.35(a) state jail felony offense and thereby faces a maximum of two years in a state jail.[2] Under the court of appeals' interpretation, an offender previously convicted of two sequential unaggravated state jail felonies—as in the case at bar-faces a maximum sentence of twenty years. This is ten years longer than an offender with two non-sequential subsection 12.35(a) state jail felonies and eighteen years longer than an offender with two non-sequential non-state jail felonies. A holding that the legislature intended to impose on a state jail felony offender, solely because of the prior *sequential* commission of the lesser offenses of state jail felonies, a maximum punishment of eighteen years more than that available for the prior non-sequential commission of more serious felonies produces an absurd result that the legislature could not possibly have intended. *See* Tex. Pen.Code § 12.04 ("Felonies are classified according to the relative seriousness of the offense . . . .")

■ In contrast, by reading "felonies" to exclude state jail felonies throughout subsection 12.42(a), an offender who commits only unaggravated state jail felonies will never face enhancement beyond a third-degree felony, a reasonable result which would seem to be the product of legislative intent. This interpretation is supported by subsection (e). Contrary to the opinion of the court of appeals, subsection (e) does not "specifically allow state jail felonies to be used for enhancement purposes under all of subsection (a)." Rather, it specifically bars the use of unaggravated state jail felony convictions punished under subsection 12.35(a) to enhance second-degree felonies (subsection 12.42(b)), first degree felonies (subsection 12.42(c)), or "a felony offense other than a state jail felony" (subsection 12.42(d)), but permits such enhancement by the use of aggravated state jail felony convictions punished under subsection 12.35(c). This provision indicates the intent to limit use of prior convictions for unaggravated state jail felonies for enhancement to the uses provided by subsection 12.42(a)(1). We will not stretch its unambiguous language to where the statute's plain words do not go.

The court of appeals also states that "one *charged with a 12.35(c) offense,* a more serious offense than a 12.35(a) offense, with two prior state jail felonies, sequential or not, [would] receive no enhancement on conviction, whereas one *charged with a 12.35(a) offense* with two prior non-sequential state jail felony convictions would receive an enhancement." *Campbell,* 2 S.W.3d at 733 (emphasis in original). However, the court of appeals failed to recognize that an individual charged with an offense under subsection 12.35(c) is already subject to the greater punishment for a third degree felony. Again in this situation, holding that "felonies" includes state jail felonies would produce the absurd result of an offender charged with an aggravated state jail felony facing a maximum of ten years in prison, while an offender charged with an unaggravated state jail felony with two prior sequential unaggravated state jail felony convictions is subject to up to twenty years in prison.

2. This may be an oversight by the legislature.

We thus hold that, as used in subsection 12.42(a), the terms "felony" and "state jail felony" are mutually exclusive; a defendant charged under subsection 12.35(a) who has previously acquired only state-jail felony convictions, whether sequential or non-sequential, must be punished for a third-degree felony under subsection 12.42(a)(1), rather than a second-degree felony under subsection 12.42(a)(2).

Finally, we note the lack of a provision in the current statute for enhancement for an offender under subsection 12.35(a) who has two previous non-sequential, unaggravated non-state jail felony convictions. The statute as written also does not impose an increased punishment for offenders who have two previous convictions in the form of both a single prior state jail felony and a single prior non-state jail felony. If such lack of enhancement in either case is in fact an oversight in the statute, it is the business of the legislature, rather than this court, to correct it.

Appellant's ground for review is sustained. The cause is reversed and remanded to the Court of Appeals for proceedings consistent with this opinion.

KELLER, P.J., filed a dissenting opinion, in which WOMACK and KEASLER, JJ., joined.

KELLER, P.J., filed a dissenting opinion in which WOMACK and KEASLER, JJ., joined.

Because state jail felonies are included within the plain language of Texas Penal Code § 12.42(a)(2) and this is not an absurd result, I respectfully dissent.

1. Texas Penal Code § 12.42(a)(2)(emphasis added).

2. Texas Penal Code § 12.04(a).

3. And holding that the word "felony" does not include state jail felonies is ironic given

The relevant portions of the statute provides:

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two *felonies,* and the second previous *felony* conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.[1]

The question we confront is: do the words "felonies" and "felony" in subsection (a)(2) encompass state jail felonies? The Penal Code expressly includes state jail felonies within the classification of felonies:

(a) Felonies are classified according to the relative seriousness of the offense into five categories:

(1) capital felonies;

(2) felonies of the first degree;

(3) felonies of the second degree;

(4) felonies of the third degree; and

(5) state jail felonies.[2]

A state jail felony is a "felony" in the same way that a third degree felony is a "felony," despite the Court's attempt to argue the contrary.[3]

And § 12.42(e) expressly excludes state jail felonies from the purview of subsections (b), (c), and (d) but *not* from subsection (a)(2):

A previous conviction for a state jail felony punished under Section 12.35(a)

the Legislature's decree that, where a degree designation is not specified, an offense designated a "felony" is considered a state jail felony: "An offense designated a felony in this code without specification is a state jail felony." § 12.04(b).

may not be used for enhancement purposes under Subsection (b), (c), or (d).[4] As with subsection (a)(2), subsections (b), (c), and (d) use the general word "felony" to describe offenses used for enhancement.[5] That the Legislature chose to expressly exclude state jail felonies from subsections (b), (c), and (d) shows that the Legislature knew that the general word "felony" encompassed state jail felonies, and if it wanted to exclude state jail felonies from use under these subsections, an express provision to that effect would be required. Likewise, if the Legislature had wanted to exclude state jail felonies from (a)(2), then it could have listed such a exclusion in subsection (e). The significance of the Legislature's failure to list an exclusion for (a)(2) in subsection (e) is especially apparent when one considers that subsections (a)(2) and (e) were enacted in 1995 in the same section of the same bill.[6] There is no ambiguity in the statute; it is strikingly clear from the statutory language that the felonies available for enhancement under (a)(2) include state jail felonies.[7]

The Court contends that interpreting felonies to include state jail felonies produces an absurd result in that sequential state jail felonies would be punished far worse than non-sequential, non-state jail felonies. This conclusion is based upon the language of § 12.42(a)(1), which provides:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third degree felony.[8]

This language would produce the result complained of by the Court, but that result is not an absurd one that could not possibly have been intended. The Legislature could well have intended to punish the sequential commission far more heavily than the non-sequential commission of offenses. They have, in fact, done so in another context. Under § 12.42(a)(3), a third degree felony can be enhanced by a single felony conviction to second degree punishment, but cannot be enhanced further by non-sequential convictions.[9] A defendant on trial for a third degree felony could have any number of prior non-sequential first degree felony convictions, and his third-degree offense could still only be enhanced to a second-degree felony.[10] On the other hand, under subsection (d), a defendant could have only two prior third-degree felony convictions, but his third-degree felony could be enhanced to a first-degree felony with a punishment

4.  § 12.42(e).

5.  See § 12.42(b), (c), and (d).

6.  Acts 1995, 74th Leg., SB 15, Ch. 318, § 1.

7.  In *State v. Mancuso*, 919 S.W.2d 86 (Tex. Crim.App.1996), we held that state jail felonies were not available for enhancement under § 12.42(d), despite that provision's inclusion of the general word "felony." *Id.* at 87–90. But that holding was based upon the interplay of then existing versions of § 12.42(a) & (d) of the Penal Code and Article 42.12 § 15 of the Code of Criminal Procedure. *Id.* The relevant portion of Article 42.12 § 15, upon which *Mancuso* relied, has been deleted. Current subsections (a)(2) and

(e) of § 12.42 were not part of the version of the statute we analyzed in *Mancuso*. Given these important statutory differences, *Mancuso* is readily distinguishable from the present case.

8.  § 12.42(a)(1).

9.  § 12.42(a)(3).

10.  Enhancements under § 12.42 apply only to the offense tried, and therefore, the State cannot "stack" various enhancement provisions upon each other. *State v. Webb*, 12 S.W.3d 808, 811 (Tex.Crim.App.2000).

range of 25 years to life if the two prior felony convictions were sequential.[11]

There is one strange effect of subsection (a)(1): a defendant is punished more severely if he has two prior non-sequential state jail felonies than if he had two prior non-sequential non-state jail felonies. That strange result, however, occurs regardless of how subsection (a)(2) is interpreted. Allowing state jail felonies to be used for enhancement under subsection (a)(2) does not produce absurd results.

I respectfully dissent.