COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-230-CR
 
JERRY WAYNE WILLIAMS                                                                     APPELLANT
V.
THE STATE OF TEXAS                                                                           
STATE
------------
FROM THE 367
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Jerry Wayne Williams appeals from his conviction for
burglary. In one point, he argues that his trial counsel was ineffective for
failing to request a jury instruction on the lesser included offense of theft.
We affirm.
The evidence at trial showed that on October 9, 2001, sometime after
12:00 p.m., Ms. Mary Owens and Ms. Dawn Terry encountered appellant coming from
around Ms. Owens's house with a bucket of change that Ms. Terry kept in her
bedroom. After Ms. Terry confronted appellant about the money, he said he was
almost out of gas and could not make it back to Irving. Ms. Terry demanded the
money back and told him not to take anything from Ms. Owens's house. Appellant
returned the money to Ms. Terry.
We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.
"[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment." Id. at 690, 104 S. Ct. at
2066. An allegation of ineffective assistance must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny
of counsel's performance must be highly deferential, and every effort must be
made to eliminate the distorting effects of hindsight. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.
The record in this case is silent as to why counsel failed to request a
jury instruction on the lesser included offense of theft. Appellant states that
we should address whether the omission amounted to ineffectiveness anyway
because there was no tactical reason for counsel not wanting the jury to
consider theft. See Campbell v. State, 2 S.W.3d 729, 734
(Tex. App.--Houston [14th Dist.] 1999) ("[I]f a
silent record clearly indicates no reasonable attorney could have made such
trial decisions, to hold counsel ineffective is not speculation."), rev'd
on other grounds, 49 S.W.3d 874 (Tex. Crim. App. 2001). As appellant
admits, however, one of the issues at trial was whether there was an entry.
Counsel may not have wanted the jury to consider theft because he did not think
there was any evidence of entry. (2) If the jury
had agreed with him, appellant would have been acquitted. But had counsel
requested that the jury also consider the issue of theft, he would have given
the jury another option to choose for convicting appellant if they did not find
him guilty of burglary. See Lynn v. State, 860 S.W.2d 599,
603 (Tex. App.--Corpus Christi 1993, pet. ref'd) (holding counsel not
ineffective for failing to request lesser included offense instructions to
murder because "[c]ounsel chose not to request lesser-included offenses
upon which the jury could find appellant guilty. He required the jury to opt
between murder, an intentional or knowing act, and acquittal"). Keeping the
issue of theft away from the jury left it with only two choices--acquittal or
burglary--and not three. See id. Thus, without evidence in
the record indicating why counsel chose not to request the instruction on theft,
we decline to second guess counsel's decision on appeal. We overrule appellant's
sole point.
We affirm the trial court's judgment.
 
                                                                       PER
CURIAM
 
PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. In support of this position is the fact that counsel
requested a directed verdict at trial on the grounds that the "State hasn't
proven all the elements of the offense, and specifically, they haven't proven
entry."