williams v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-230-CR

JERRY WAYNE WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Jerry Wayne Williams appeals from his conviction for burglary.  In one point, he argues that his trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of theft.  We affirm.

The evidence at trial showed that on October 9, 2001, sometime after 12:00 p.m., Ms. Mary Owens and Ms. Dawn Terry encountered appellant coming from around Ms. Owens’s house with a bucket of change that Ms.Terry kept in her bedroom.  After Ms. Terry confronted appellant about the money, he said he was almost out of gas and could not make it back to Irving.  Ms. Terry demanded the money back and told him not to take anything from Ms. Owens’s house.  Appellant returned the money to Ms. Terry.

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
appellant must show that 
his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

“[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

The record in this case is silent as to why counsel failed to request a jury instruction on the lesser included offense of theft.  Appellant states that we should address whether the omission amounted to ineffectiveness anyway because there was no tactical reason for counsel not wanting the jury to consider theft.  
See Campbell v. State
, 2 S.W.3d 729, 734 (Tex. App.—Houston [14
th
 Dist.] 1999) (“[I]f a silent record clearly indicates no reasonable attorney could have made such trial decisions, to hold counsel ineffective is not speculation.”), 
rev’d on other grounds
, 49 S.W.3d 874 (Tex. Crim. App. 2001).  As appellant admits, however, one of the issues at trial was whether there was an entry.  Counsel may not have wanted the jury to consider theft because he did not think there was any evidence of entry.
(footnote: 2)  If the jury had agreed with him, appellant would have been acquitted.  But had counsel requested that the jury also consider the issue of theft, he would have given the jury another option to choose for convicting appellant if they did not find him guilty of burglary.  
See Lynn v. State
, 860 S.W.2d 599, 603 (Tex. App.—Corpus Christi 1993, pet. ref’d) (holding counsel not ineffective for failing to request lesser included offense instructions to murder because “[c]ounsel chose not to request lesser-included offenses upon which the jury could find appellant guilty.  He required the jury to opt between murder, an intentional or knowing act, and acquittal”).  Keeping the issue of theft away from the jury left it with only two choices—acquittal or burglary—and not three.  
See id.
  Thus, without evidence in the record indicating why counsel chose not to request the instruction on theft, we decline to second guess counsel’s decision on appeal. 
 We overrule appellant’s sole point.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In support of this position is the fact that counsel requested a directed verdict at trial on the grounds that the “State hasn’t proven all the elements of the offense, and specifically, they haven’t proven entry.”