MEMORANDUM OPINION

 

No. 04-09-00209-CR

 

Anthony Ray PERRYMAN,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 227th Judicial
District Court, Bexar County, Texas

Trial Court No. 2008-CR-4078

Honorable Raymond
Angelini, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Catherine
Stone, Chief Justice

                        Sandee
Bryan Marion, Justice

                        Rebecca
Simmons, Justice

 

Delivered and
Filed: March 24, 2010

 

REVERSED AND
REMANDED

 

Appellant
Anthony Ray Perryman was convicted by a jury for the offense of possessing a
controlled substance in an amount of less than one gram and subsequently
sentenced by the trial court to eleven years confinement in the Institutional
Division of the Texas Department of Criminal Justice.  On appeal, Perryman
contends that: (1) his sentence is illegal and void because the State failed to
prove up the two non-state jail felonies necessary in order to punish Perryman
as a habitual offender; and (2) he was denied constitutionally adequate notice
of the State’s intent to further enhance his punishment.  Because the trial
court erred in enhancing Perryman’s punishment to a second-degree felony, we
remand this matter to the trial court for further proceedings consistent with
this opinion. 

Procedural Background

The
State’s original indictment alleged two enhancements—both state jail felonies
for possession of a controlled substance.  On the day of trial, the State
presented Perryman with notice of its intent to use two additional prior
convictions in order to enhance Perryman’s punishment to a second-degree
felony: (1) a 1977 felony conviction for voluntary manslaughter; and (2) the
manufacturing/delivery of a controlled substance of less than one gram. 
Neither conviction was included in the original indictment for enhancement
purposes. 

            Perryman
was convicted of possession of a controlled substance penalty group one, less
than one gram, which is a state jail felony offense punishable under section
12.35 of the Texas Penal Code.  See Tex.
Health & Safety Code § 481.115(b) (Vernon 2003).  Following his
conviction, Perryman entered a plea of true to the two enhancement allegations
contained in the original indictment, but objected to the untimeliness of the
two new enhancement allegations.  The court overruled the objection, and
Perryman subsequently entered a plea of true to the additional enhancement
allegations.  This appeal followed.

Improper Enhancement of Sentence

            Perryman
contends that the trial court improperly enhanced his sentence due to the
State’s failure to prove the two non-state jail felonies required to enhance
his punishment to a second-degree felony.  In order to elevate a state jail
felony punishable under section 12.35 to the punishment level for a
second-degree felony under section 12.42, the State must prove the defendant
was previously convicted of two felonies, and the second felony conviction must
occur after the first felony conviction is final.  Tex. Penal Code Ann. § 12.42(a)(2) (Vernon 2003) (penalties
for repeat and habitual felony offenders).  

            In
order to enhance a state jail felony conviction to a second-degree felony
punishment under section 12.42(a), the State must allege two sequential non-state
jail felonies.  Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App.
2001) (under section 12.42(a) of the Texas Penal Code, “the terms ‘felony’ and
’state jail felony’ are mutually exclusive”).  The State’s original indictment
alleged two state jail felonies.  Thereafter, the State filed a notice of
intent to use two prior convictions for enhancement of punishment, alleging two
different prior convictions: one state jail felony, and one non-state jail
felony conviction.  The State alleged three prior state jail felony
convictions, but only one non-state jail felony conviction.  Therefore,
Perryman’s offense is not punishable as a second-degree felony.  Because the
enhancement of Perryman’s punishment was improper, his sentence is void.  See
Ex parte Johnson, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985). 

            In
its brief, the State concedes that it lacked the requisite number of non-state
jail felonies to enhance Perryman’s sentence to a second-degree felony. 
Accordingly, the trial court was bound to assess punishment in accordance with
that of a third-degree felony.  See Tex.
Penal Code Ann. § 12.42(a)(1) (providing that state jail felony,
with two prior state jail felonies convictions is punishable as a third-degree
felony).  Because the trial court erred in assessing Perryman’s punishment at
the level of a second-degree felony, we remand this matter to the trial court
for a new hearing on punishment.[1]

Rebecca Simmons, Justice

 

DO NOT PUBLISH









[1]  Because Perryman’s range of
punishment issue is dispositive in this matter, we need not address his
remaining issue on appeal.  See Tex.
R. App. P. 47.1 (requiring concise opinions addressing only those issues
“necessary to find disposition of the appeal”).