In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00108-CR


______________________________




RONNIE WILLIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01F0451-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Ronnie Willis appeals from his conviction for burglary of a building. A jury found him guilty
and assessed punishment at twenty years' imprisonment. On appeal, Willis contends that the
punishment charge was erroneous, resulting in an illegal sentence, and that, because counsel failed
to object to the punishment charge, counsel was ineffective.

 Willis was tried for a state jail felony pursuant to Tex. Pen. Code Ann. § 30.02(a)(1), (c)(1)
(Vernon 2003). An enhancement paragraph alleged two prior felony convictions, but the evidence
showed they were actually prior state jail felony convictions. (1) The Texas Court of Criminal Appeals
held in Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001), that the proper degree of
enhancement for a state jail felony when the defendant has two prior state jail felony convictions,
either sequential or nonsequential, is to a third-degree felony as specified by Tex. Pen. Code Ann.
§ 12.42(a)(1) (Vernon 2003). (2) The punishment charge in this case assumed the proper enhancement
was to a second-degree felony and accordingly specified a range of punishment of between two and
twenty years. This is the same error addressed by Campbell. The State has conceded error.

 We must therefore conclude that the charge was erroneous and that the error resulted in both
the potential and the reality of a sentence beyond the range available for this conviction. We are thus
required to return the case to the trial court for a new punishment hearing. See Campbell, 49 S.W.3d
at 875.

 We reverse Willis' sentence and remand the cause for a new trial on punishment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 3, 2003

Date Decided: July 8, 2003


Do Not Publish
1. The State also proved one additional felony conviction and another state jail felony
conviction. That does not, however, change the analysis in this case.
2. Tex. Pen. Code Ann. § 12.35 (Vernon 2003).



eption Locked="false" Priority="39" Name="toc 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00195-CR

                                                ______________________________

 

 

                                   DONALD BRIAN MOSLEY,
Appellant

 

                                                                V.

 

                                       THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 354th Judicial District Court

                                                               Hunt County, Texas

                                                             Trial
Court No. 25305

 

                                                           
                                       

 

 

 

                                           Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                Memorandum Opinion by
Justice Carter








                                                      MEMORANDUM 
OPINION

 

            Donald
Brian Mosley appeals from his conviction for the offense of aggravated sexual
performance of a child.  Tex. Penal Code Ann. § 22.021(a)(2)(B)
(Vernon Supp. 2009).  Mosley pled guilty
to the charges without a negotiated plea agreement.  The trial court assessed his punishment and
sentenced Mosley to forty years imprisonment. 
He was represented by appointed counsel at trial and on appeal.

            Mosleys
attorney has filed a brief which discusses the record and reviews the
proceedings in great detail.  Counsel has
thus provided a professional evaluation of the record demonstrating why, in
effect, there are no arguable grounds to be advanced.  This meets the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Mosley January 28, 2010, informing Mosley of his
right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Mosley has neither filed a pro se
response, nor has he requested an extension of time in which to file such
response.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App.
2005).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.       We
affirm the judgment of the trial court.[1]

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:            April
12, 2010

Date Decided:              April
13, 2010

 

Do Not Publish











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of Mosley in this case.  No substitute counsel will be appointed.  Should Mosley wish to seek further review of
this case by the Texas Court of Criminal Appeals, Mosley must either retain an
attorney to file a petition for discretionary review or Mosley must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.