# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00212-CR

**Clyde Dennis Glenn, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
## NO. 7318, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Clyde Dennis Glenn guilty of burglary of a building. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). The court assessed punishment, enhanced by two previous felony convictions, at twenty years' imprisonment. Appellant's pro se brief raises a single point of error: that the evidence is insufficient to support the enhancement of punishment.[1] Specifically, he contends the State failed to prove that the two previous felony convictions were committed in the required sequence. Because we find this contention to be correct, we will reverse and remand for reassessment of punishment.

---

[1] The attorney appointed to represent appellant on appeal moved to withdraw on the ground that appellant wished to represent himself. This Court overruled the motion, but instructed the Clerk to file the pro se brief previously tendered by appellant. *Glenn v. State*, No. 03-03-00212-CR, 2003 Tex. App. LEXIS 7082 (Tex. App.—Austin Aug. 6, 2003) (order). Counsel later filed a frivolous appeal brief. *See Anders v. California*, 386 U.S. 738 (1967). Appellant then filed a supplemental pro se brief reurging the point of error raised in his original pro se brief.

Burglary of a building is a state jail felony. *Id.* § 30.02(c)(1) (West 2003). The State did not allege or prove a section 12.35(c) aggravating circumstance, and thus the primary offense was punishable under section 12.35(a). *Id*. § 12.35(a), (c). Appellant's punishment was enhanced pursuant to section 12.42(a)(2), which provides that a defendant convicted of a state jail felony punishable under section 12.35(a) shall be punished for a second degree felony if he "has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *Id*. § 12.42(a)(2).

The previous felony convictions used for enhancement were Brown County cause number 9172, a conviction for unauthorized use of a vehicle, and Llano County cause number 3835, a conviction for burglary. Documents in evidence show that appellant was convicted in the Brown County case on April 12, 1979, and it is undisputed that the conviction was final on that date. Appellant was convicted in the Llano County case on November 1, 1982, and there is also no dispute that this conviction was final before the primary offense was committed. However, the Llano County judgment does not recite when the burglary in that county was committed, and the date of the offense is not otherwise shown in the record. Because the limitations period for burglary is five years, the evidence does not exclude the possibility that the Llano County offense was committed before the Brown County conviction became final. *See Hamilton v. State*, 397 S.W.2d 225, 227 (Tex. Crim. App. 1965); Tex. Code Crim. Proc. Ann. art. 12.01(4)(A) (West Supp. 2003). Appellant's pro se contention that the evidence fails to support the enhancement of punishment pursuant to article 12.42(a)(2) is sustained.

"Under [section 12.42(a)] as written, a person who has been previously convicted of two non-sequential non-state jail felonies is not subject to any enhancement whatsoever upon a

conviction for a subsection 12.35(a) state jail felony offense." *Campbell v. State*, 49 S.W.3d 874, 877 (Tex. Crim. App. 2001).[2] Because the State failed to prove that appellant's previous felony convictions were sequential, he was subject to a maximum punishment of two years in state jail for the instant offense. *Id.*; Tex. Pen. Code Ann. § 12.35(a).

The district court's judgment is modified to reflect a conviction for burglary of a building without enhancement and, as modified, is affirmed with respect to the finding of guilt. The judgment is reversed with respect to the sentence, and the cause is remanded to the district court for reassessment of punishment within the range provided by section 12.35(a). *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2003).[3]

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part

Filed:   October 23, 2003

Do Not Publish

---

[2] Section 12.42(a) has not been amended since *Campbell* was written.

[3] The motion to withdraw filed by appellate counsel with his *Anders* brief is granted. The trial court shall appoint new counsel to represent appellant on remand unless he waives his right to counsel. *See* Tex. Code Crim. Proc. Ann. art. 1.051(g) (West Supp. 2003).

3