

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,223 & AP-76,224

**EX PARTE ROBERT LATIMER, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 20384A AND 20383A IN THE 91ST DISTRICT COURT
### FROM EASTLAND COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged and convicted of forgery in two separate indictments and sentenced to twelve years' confinement in each cause. He did not appeal his convictions.

Applicant alleges *inter alia* that punishment for these state jail felony forgery offenses was improperly enhanced to the second degree felony punishment range. Specifically, he alleges that the State used one state jail felony conviction and one non-state jail felony conviction to enhance

punishment to the second degree felony punishment range but should have used two non-state jail felonies. He alleges that the punishment assessed for these state jail felony offenses was illegal because it exceeded the maximum authorized by law.

On March 18, 2009, this Court remanded these applications to the convicting court so that the record could be supplemented with more evidence. On July 7, 2009, the trial court entered findings of fact and conclusions of law recommending that relief be granted.

On the basis of the trial court's findings of fact and our own independent review of the records, we find that Applicant's illegal sentence claims have merit. Applicant pled guilty pursuant to plea agreements but the enhancement paragraphs were improper. These offenses were state jail felony forgery offenses, enhanced by a state jail theft conviction from 1995, and a third degree felony theft conviction from 2001. The State could not use the prior state jail felony conviction to enhance punishment to the second degree felony punishment range. *See Campbell v. State*, 49 S.W.3d 874 (Tex. Crim. App. 2001). The punishment assessed for these state jail felonies was illegal because it exceeded the maximum authorized by law. Because these illegal sentences were products of negotiated pleas, the entire convictions must be vacated. *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2007).

Relief is granted. The judgments in Cause Nos. 20384A and 20383A in the 91st Judicial District Court of Eastland County are set aside, and Applicant is remanded to the custody of the Sheriff of Eastland County to answer the charges against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 16, 2009

Do Not Publish