# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00367-CR

**Blair Duane Wright, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 8214, HONORABLE WILLIAM BACHUS JR., JUDGE PRESIDING

## MEMORANDUM OPINION

**PER CURIAM**

In February 2009, appellant Blair Duane Wright pleaded guilty to an indictment accusing him of driving while intoxicated with a passenger younger than fifteen years of age, a state jail felony. *See* Tex. Penal Code Ann. § 49.045 (West Supp. 2010). He also pleaded true to enhancement paragraphs alleging previous convictions for theft of more than $1500, a state jail felony, and obstruction or retaliation, a third degree felony. *See id*. §§ 31.03(a), (e)(4)(A), 36.06(a), (c). The trial court adjudged him guilty and, pursuant to a plea bargain, assessed punishment at nineteen years in prison.

In November 2009, appellant wrote a letter to the trial court complaining that the sentence was unlawful. Following a hearing in May 2010, the trial court agreed with appellant that the two previous convictions did not operate to enhance his punishment under the applicable statute.

*See id*. § 12.42(a)(2) (providing that at trial of unaggravated state jail felony, defendant shall be punished for second degree felony upon proof of two previous sequential felony convictions); *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (holding that as used in section 12.42(a), "felony" and "state jail felony" are mutually exclusive). The court resentenced appellant to two years in state jail, and appellant gave notice of appeal.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). In a pro se brief responding to counsel's *Anders* brief, appellant contends that because he pleaded guilty pursuant to a plea bargain agreement that called for a sentence greater than that allowed by law, his conviction must be reversed and the cause remanded to allow him to withdraw his plea. *See Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006).[1]

We conclude that the contention raised by appellant in his pro se brief is an arguable ground for appeal. Therefore, we abate the appeal and remand the cause to the trial court with the instruction to appoint new counsel to brief the issue. *See Bledsoe v. State*, 178 S.W.3d 824, 827

---

[1] At the same February 2009 proceeding, appellant also pleaded guilty to an indictment accusing him of failing to appear, a third degree felony. *See* Tex. Penal Code Ann. § 38.10(a), (f) (West 2003). The same previous conviction for theft of more than $1500 was alleged for enhancement, and the trial court assessed the same negotiated nineteen-year prison term. Although the failure to appear conviction is not before us in this appeal, we note that the use of a previous state jail felony conviction to enhance a third degree felony under section 12.42(a)(3) may also violate the holding in *Campbell* that the terms "felony" and "state jail felony," as used in section 12.42(a), are mutually exclusive. *See* Tex. Penal Code Ann. § 12.42(a)(3) (West Supp. 2010) (providing that at trial of third degree felony, defendant shall be punished for second degree felony upon proof of previous felony conviction); *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). This is an issue appellant may urge in a post-conviction habeas corpus application. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006).

(Tex. Crim. App. 2005). A copy of the order appointing new counsel shall be forwarded to the Clerk within ten days of the date of this opinion. Subject to an extension of time for good cause shown, substitute counsel shall tender a brief within thirty days. Present counsel's motion to withdraw is granted.

Before Chief Justice Jones, Justices Henson and Goodwin

Abated

Filed: June 15, 2011

Do Not Publish