

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00435-CR

ERIC BORO NICHOLS A/K/A ERIC BARO NICHOLS

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Eric Boro Nichols a/k/a Eric Baro Nichols appeals his conviction for possession of less than one gram of methamphetamine.[2] We affirm.

One day in March 2009, Hood County Sheriff's Office deputies went to a house because they had received information that the people who lived there

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a), (b) (West 2010).

were stealing electricity. When a deputy knocked on the house's door, appellant answered. Appellant allowed the deputy to enter the house, and the deputy noticed a "strong odor of burnt marijuana." When the deputy asked whether there was anything illegal in the house, appellant said that there was a package of methamphetamine in a hallway's light fixture. Another deputy found the methamphetamine. Appellant was arrested for possession of methamphetamine. Later, appellant admitted that he had consumed methamphetamine from the package found in the light fixture. A forensic scientist confirmed that the substance weighed less than a gram and contained methamphetamine.

A Hood County grand jury indicted appellant for possessing less than one gram of methamphetamine; the indictment contained enhancement paragraphs alleging that appellant had been twice convicted of state-jail-felony theft.[3] Appellant's retained counsel filed various motions on appellant's behalf, and appellant elected to have the jury assess his punishment if he was convicted.

---

[3]Possession of less than a gram of methamphetamine is typically punished as a state jail felony. *See id.* § 481.115(b). But appellant's two previous state jail felony convictions exposed him to a higher sentence. Specifically, at the time of appellant's offense, section 12.42(a)(1) of the penal code provided, "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony." Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Sess. Law Serv. 2104, 2104 (West); *see Campbell v. State*, 49 S.W.3d 874, 875 (Tex. Crim. App. 2001).

After the parties conducted voir dire of the jury panel, appellant pled not guilty.[4] But the jury found him guilty. After hearing punishment evidence and receiving proof of appellant's prior convictions, the jury found the indictment's enhancement paragraphs to be true and assessed his punishment at ten years' confinement. Appellant filed a motion for new trial, which the trial court denied. He then brought this appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that in her professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the effect of *Anders*). We gave appellant an opportunity to file a pro se brief, but he has not done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v.*

---

[4]Appellant appeared for voir dire and pled not guilty that day, but he did not appear for the first day of trial. Appellant's counsel requested a continuance, but the trial court denied the request.

*State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 10, 2011

4