02-10-435-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00435-CR 

 

 


 
 
 Eric Boro Nichols a/k/a Eric Baro Nichols
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Eric Boro Nichols a/k/a Eric Baro Nichols appeals his conviction for possession
of less than one gram of methamphetamine.[2]  We affirm.

          One
day in March 2009, Hood County Sheriff’s Office deputies went to a house
because they had received information that the people who lived there were
stealing electricity.  When a deputy knocked on the house’s door, appellant
answered.  Appellant allowed the deputy to enter the house, and the deputy
noticed a “strong odor of burnt marijuana.”  When the deputy asked whether
there was anything illegal in the house, appellant said that there was a
package of methamphetamine in a hallway’s light fixture.  Another deputy found
the methamphetamine.  Appellant was arrested for possession of methamphetamine. 
Later, appellant admitted that he had consumed methamphetamine from the package
found in the light fixture.  A forensic scientist confirmed that the substance
weighed less than a gram and contained methamphetamine.

          A
Hood County grand jury indicted appellant for possessing less than one gram of
methamphetamine; the indictment contained enhancement paragraphs alleging that
appellant had been twice convicted of state-jail-felony theft.[3]
 Appellant’s retained counsel filed various motions on appellant’s behalf, and
appellant elected to have the jury assess his punishment if he was convicted.  After
the parties conducted voir dire of the jury panel, appellant pled not guilty.[4] 
But the jury found him guilty.  After hearing punishment evidence and receiving
proof of appellant’s prior convictions, the jury found the indictment’s
enhancement paragraphs to be true and assessed his punishment at ten years’
confinement.  Appellant filed a motion for new trial, which the trial court
denied.  He then brought this appeal.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that in her
professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet
the requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); see In re
Schulman, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the
effect of Anders).  We gave appellant an opportunity to file a pro se
brief, but he has not done so.  The State has not filed a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record.  See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State,
904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we
grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record and counsel’s brief.  We agree with counsel
that the appeal is wholly frivolous and without merit; we find nothing in the
record that might arguably support the appeal.  See Bledsoe v. State,
178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State,
206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s
motion to withdraw and affirm the trial court’s judgment.

          

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 10,
2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health
& Safety Code Ann. §§ 481.102(6), .115(a), (b) (West 2010).





[3]Possession of less than a
gram of methamphetamine is typically punished as a state jail felony.  See
id. § 481.115(b).  But appellant’s two previous state jail felony convictions
exposed him to a higher sentence.  Specifically, at the time of appellant’s
offense, section 12.42(a)(1) of the penal code provided, “If it is shown on the
trial of a state jail felony . . . that the defendant has previously been
finally convicted of two state jail felonies, on conviction the defendant shall
be punished for a third-degree felony.”  Act of May 29, 1995, 74th Leg., R.S.,
ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, amended by Act of May 25,
2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Sess. Law Serv. 2104, 2104
(West); see Campbell v. State, 49 S.W.3d 874, 875 (Tex. Crim. App.
2001).





[4]Appellant appeared for
voir dire and pled not guilty that day, but he did not appear for the first day
of trial.  Appellant’s counsel requested a continuance, but the trial court
denied the request.