02-11-093-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00093-CR

 

 


 
 
 Robert Tyrone Taylor a/k/a Robert T. Taylor
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Robert Tyrone Taylor a/k/a Robert T. Taylor appeals his conviction and
sixteen-year sentence for theft.  We affirm.

          A
Hood County grand jury indicted appellant for theft of a computer valued at less
than $1,500; the indictment alleged that appellant had been convicted of two
other thefts and had also been convicted of two felony drug-related offenses.[2] 
Appellant retained counsel.

          At
trial, in front of the jury, appellant pled guilty, and he also pled true to
the indictment’s enhancement paragraphs.  Through an opening statement and
during testimony, appellant admitted that he had committed theft by trying to steal
a computer from Wal-Mart, but he asked for a low punishment.[3] 
The State presented evidence of appellant’s extensive criminal history that had
spanned the course of approximately twenty years.  Appellant’s fiancée, whom
appellant had once assaulted, recognized that appellant had made bad decisions,
but she asked for a low punishment, stating that appellant is a “good person”
who would not likely break the law again.  Appellant’s cousin also testified on
appellant’s behalf.  After the evidence concluded and the parties presented
closing arguments, the jury formally convicted appellant and assessed his
punishment at sixteen years’ confinement.  The trial court sentenced appellant
accordingly, and appellant brought this appeal.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet
the requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); see In re
Schulman, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the
effect of Anders).  We gave appellant an opportunity to file a pro se
brief, and he has done so.[4]

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record.  See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State,
904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we
grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record, counsel’s brief, and appellant’s pro se
brief.  We agree with counsel that the appeal is wholly frivolous and without
merit; we find nothing in the record that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see
also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly,
we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and McCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 8, 2011









[1]See Tex. R. App. P. 47.4.





[2]Theft of property valued
at $500 or more but less than $1,500 is typically a Class A misdemeanor.  See
Tex. Penal Code Ann. § 31.03(e)(3) (West Supp. 2011).  But theft is a state jail
felony when the value of the property is less than $1,500 and the defendant has
been previously convicted two or more times of any grade of theft.  Id. §
31.03(e)(4)(D).  And at the time of appellant’s offense, section 12.42(a)(2) of
the penal code provided, “If it is shown on the trial of a state jail felony .
. . that the defendant has previously been finally convicted of two felonies, .
. .  on conviction the defendant shall be punished for a second-degree felony.” 
Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734,
2735, amended by Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2,
2011 Tex. Sess. Law Serv. 2104, 2104 (West); see Campbell v. State, 49
S.W.3d 874, 875 (Tex. Crim. App. 2001).  The punishment for a second-degree
felony is two to twenty years’ confinement.  Tex. Penal Code Ann. § 12.33(a)
(West 2011).





[3]Other witnesses explained
the facts of appellant’s offense.  Before trial, appellant had also admitted
his crime to a Granbury detective.  According to the detective, appellant said
that he had intended to trade the computer for methamphetamine.





[4]Appellant’s pro se brief
raises an ineffective assistance claim concerning his trial counsel’s decision
to not seek a mistrial after the trial court sustained an objection to the
prosecutor’s closing argument concerning parole and instructed the jury to
disregard the argument.  We conclude that under this record, appellant’s
asserted error does not present an arguable ground for relief.  See Gish v.
State, No. 02-09-00034-CR, 2011 WL 167076, at *3–6 (Tex. App.—Fort Worth
Jan. 13, 2011, no pet.) (mem. op., not designated for publication) (overruling
an appellant’s ineffective assistance of counsel claim because the appellant
could not show a reasonable likelihood that his counsel’s failure to object to
the prosecutor’s statements about parole affected his punishment).