

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00093-CR

ROBERT TYRONE TAYLOR A/K/A ROBERT T. TAYLOR

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robert Tyrone Taylor a/k/a Robert T. Taylor appeals his conviction and sixteen-year sentence for theft. We affirm.

A Hood County grand jury indicted appellant for theft of a computer valued at less than $1,500; the indictment alleged that appellant had been convicted of

---

[1]*See* Tex. R. App. P. 47.4.

two other thefts and had also been convicted of two felony drug-related offenses.[2] Appellant retained counsel.

At trial, in front of the jury, appellant pled guilty, and he also pled true to the indictment's enhancement paragraphs. Through an opening statement and during testimony, appellant admitted that he had committed theft by trying to steal a computer from Wal-Mart, but he asked for a low punishment.[3] The State presented evidence of appellant's extensive criminal history that had spanned the course of approximately twenty years. Appellant's fiancée, whom appellant had once assaulted, recognized that appellant had made bad decisions, but she asked for a low punishment, stating that appellant is a "good person" who would not likely break the law again. Appellant's cousin also testified on appellant's

---

[2]Theft of property valued at $500 or more but less than $1,500 is typically a Class A misdemeanor. *See* Tex. Penal Code Ann. § 31.03(e)(3) (West Supp. 2011). But theft is a state jail felony when the value of the property is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft. *Id.* § 31.03(e)(4)(D). And at the time of appellant's offense, section 12.42(a)(2) of the penal code provided, "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies, . . . on conviction the defendant shall be punished for a second-degree felony." Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Sess. Law Serv. 2104, 2104 (West); *see Campbell v. State*, 49 S.W.3d 874, 875 (Tex. Crim. App. 2001). The punishment for a second-degree felony is two to twenty years' confinement. Tex. Penal Code Ann. § 12.33(a) (West 2011).

[3]Other witnesses explained the facts of appellant's offense. Before trial, appellant had also admitted his crime to a Granbury detective. According to the detective, appellant said that he had intended to trade the computer for methamphetamine.

behalf. After the evidence concluded and the parties presented closing arguments, the jury formally convicted appellant and assessed his punishment at sixteen years' confinement. The trial court sentenced appellant accordingly, and appellant brought this appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the effect of *Anders*). We gave appellant an opportunity to file a pro se brief, and he has done so.[4]

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record.

[4]Appellant's pro se brief raises an ineffective assistance claim concerning his trial counsel's decision to not seek a mistrial after the trial court sustained an objection to the prosecutor's closing argument concerning parole and instructed the jury to disregard the argument. We conclude that under this record, appellant's asserted error does not present an arguable ground for relief. *See Gish v. State*, No. 02-09-00034-CR, 2011 WL 167076, at *3–6 (Tex. App.—Fort Worth Jan. 13, 2011, no pet.) (mem. op., not designated for publication) (overruling an appellant's ineffective assistance of counsel claim because the appellant could not show a reasonable likelihood that his counsel's failure to object to the prosecutor's statements about parole affected his punishment).

*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; WALKER and McCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 8, 2011